IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD EARLY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:03-cv-501-MJR |
| | ) |
| MARK A. PIERSON and ROGER WALKER, | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by the Petitioner, Leonard Early on August 5, 2003 (Doc. 1). For the reasons set forth below, it is **RECOMMENDED** that Respondent Roger Walker be **DISMISSED**, that Respondent Mark A. Pierson be **SUBSTITUTED** by J. R. Walls, that the Petition be **DENIED IN PART AND TAKEN UNDER ADVISEMENT IN PART** as outlined below, and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

**Underlying Conviction**

On November 8, 1995, the Petitioner, Leonard Early, and two others, Al Gill and a co-defendant, Gail Henson, carried out a scheme to rob Frederick Taylor. Early and Gill had previously approached Henson, who knew Taylor, with their plan. In the early morning hours of November 8, 1995, Henson knocked on Taylor's door and asked Taylor if she and her daughter could spend the night as the heat had been shut off at their residence. Taylor agreed and Henson left to collect her daughter. While Taylor was preparing the couch for Henson and her daughter,

Early and Gill, who Taylor believed had a gun, entered Taylor's house, beat him, and stole his wallet, which contained $4.  Early was subsequently convicted of home invasion and armed robbery and sentenced to 29 years imprisonment on May 17, 1996.  For her role in this scheme, Henson was ultimately sentenced to 2 years probation after testifying for the state in Early's prosecution.

**Direct Appeal**

Early, through counsel Daniel D. Yuhas and Michele A. Knapp, appealed his conviction and sentence to the Appellate Court of Illinois.  On appeal, Early raised one issue: The state failed to prove that he was guilty beyond a reasonable doubt because the only evidence of guilt was the unreliable accomplice testimony of Henson (Resp. Ex. A).  On March 30, 1998, the Appellate Court affirmed his conviction (Resp. Ex. B).  In doing so, the Appellate Court noted that the jury was aware of Henson's cocaine addiction and the fact that she was an accomplice (Resp. Ex. B at p. 6).  The Court also noted that there was no other testimony that contradicted Henson's testimony (Resp. Ex. B at p. 6).

In his *pro se* brief appealing to the Illinois Supreme Court, Early raised the same issue concerning the sufficiency of the evidence (Resp. Ex. C).  On February 3, 1999, the Supreme Court denied leave to appeal.  People v. Early, 707 N.E.2d 1241 (table) (Ill. 1999).

**State Post-Conviction Relief**

Early filed a *pro se* petition for post-conviction relief with the Vermilion County Circuit Court on April 26, 1999 (Resp. Ex. E).  His first claim alleged that direct appellate counsel was ineffective for only raising one issue on appeal (Resp. Ex. E at p. 2).  He argued that appellate counsel should have raised the issue of trial counsel's ineffectiveness in failing to object to the

opening statement and closing argument of the state and by failing to assert that the Henson's testimony was the result of "threats and inducement by the prosecution" (Resp. Ex. E at p. 4). He further argued that trial and appellate counsel were ineffective for failing to raise the issue of his excessive sentence (Resp. Ex. E at p. 5; Resp. Ex. F[1]). The trial court denied the petition on August 25, 1999 (Resp. Ex. G at p. 4).

In his brief to the Appellate Court, filed by attorneys Daniel D. Yuhas and Jacqueline L. Bullard, Early argued that post-conviction counsel, Ted Pasierb, was ineffective for failing to raise a claim that Early's Sixth Amendment confrontation clause rights were violated when he was precluded, at trial, from inquiring into whether Henson knew that she could seek probation for her testimony (Resp. Ex. H at p.1). As subparts to this argument, Early claimed that he was deprived of his Sixth Amendment confrontation right and that trial and appellate counsels were ineffective for failing to raise this issue (Resp. Ex. H at p. 1-3). Early next claimed that the trial court erred in failing to find that trial and appellate counsel were ineffective for failing to raise the excessive sentence issue (Resp. Ex. H at p. 3). As subparts to this argument, Early stated that his 29 year sentence was excessive when compared to Henson's two year probation sentence and that trial and appellate counsel were ineffective for failing to raise this argument (Resp. Ex. H at p. 4-5).

On December 16, 2002, the Appellate Court of Illinois affirmed the trial court. With respect to the first issue raised by Early, the Appellate Court did not address the Respondent's argument that Early had forfeited this argument by failing to raise it in his post-conviction

---

[1] Exhibit F is an amended post-conviction petition which was submitted by court appointed attorney Ted Pasierb on June 18, 1999 after submission of the original *pro se* petition.

petition with the trial court (Resp. Ex. I at p. 6). The Appellate Court considered this issue on the merits and held that Early's Sixth Amendment confrontation clause rights were not violated and that, as a result, neither his trial, appellate, nor post-conviction counsels were ineffective (Resp. Ex. I at p. 8). With respect to Early's second argument concerning his sentence, the Appellate Court stated that it was "improper" to compare Early's 29 year prison sentence to Henson's 2 year probation sentence. (Resp. Ex. I at p. 10). The court further held that the disparity between the sentences was not unconstitutional given the facts of the case and the relative conduct of Henson and Early (Resp. Ex. I at p. 11). Thus, none of Early's counsel were ineffective for failing to raise this issue. Early appealed to the Illinois Supreme Court and raised the disparate sentence argument and that trial and appellate counsel were ineffective for failing to raise this argument (Resp. Ex. J). The Illinois Supreme Court denied leave to appeal on April 2, 2003. People v. Early, 788 N.E.2d 731 (table) (Ill. 2003).

**Federal Post-Conviction Relief**

Early filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 with this Court on August 5, 2003. In this petition, Early argues that:

> 1. His Sixth Amendment confrontation clause rights were violated when he was not permitted to ask Henson, at trial, whether she knew that she could ask for probation in light of her cooperation with the state (Petition at pp. 6-10);
>
> 2. His trial counsel and appellate counsel were ineffective for failing to preserve the issue of his confrontation clause right (Pet. at pp. 11-17);
>
> 3. His state post-conviction counsel was ineffective in that he failed to bolster Early's *pro se* petition with citations to the record and other evidence (Pet. at pp. 18-21);
>
> 4. His trial and appellate counsel were ineffective for failing to

>raise the disproportionate sentence argument (Pet. at pp. 22-24); and,
>
>5. His conviction was based on false testimony thereby denying him the right to a fair trial (Pet. at pp. 25- 28).

In response, the Respondent argues that Early's Sixth Amendment claim, and the resultant ineffectiveness claims, and his false testimony claim are procedurally defaulted.  The Respondent further argues that Early does not have the Constitutional right to an effective post-conviction counsel.  Finally, the Respondent argues that Early has failed to show that the state courts erred in finding that trial and appellate counsel were not ineffective for failing to raise the disproportionate sentence argument.

### CONCLUSIONS OF LAW

**Proper Respondent**

J.R. Walls currently is the warden of the Jacksonville Correctional Center, where Early is housed.  Therefore, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, Mark A. Pierson should be substituted by J.R. Walls as the Respondent.  In addition, as Respondent Roger Walker, who is the Director of the Illinois Department of Corrections, does not have actual custody of Early, this Court further recommends that he be *sua sponte* dismissed from this lawsuit.

**28 U.S.C. §2254**

28 U.S.C. §2254(a) provides that: ". . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See Canaan v. McBride, 395 F.3d 376, 382-382 (7th Cir. 2005); Newell v.

Hanks, 335 F.3d 629, 631 (7th Cir. 2003). Review under §2254(a) is *de novo* and does not necessarily implicate the deferential standard that generally applies to habeas petitions filed pursuant the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as codified in 28 U.S.C. §2254(d). Newell, 335 F.3d at 631-632.

Any claim adjudicated on the merits in a state court proceeding is governed by 28 U.S.C. §2254(d). Canaan, 395 F.3d at 382. This code section provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d)(1) implicates two methods by which a writ can be granted based on an error by the state court. First, the state court could reach a legal conclusion that is opposite to a legal conclusion announced by the Supreme Court. Owens v. Frank, 394 F.3d 490, 496-497 (7th Cir. 2005). Second the state court could identify the correct legal rule but unreasonably apply it to the facts of the case or unreasonably extend a legal principle. Owens, 394 F.3d at 496-497. As the Supreme Court has stated:

> We have made clear that the "unreasonable application" prong of §2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the

> facts" of petitioner's case. In other words, a federal court may grant relief when a state court has misapplied a "governing legal principle" to "a set of facts different from those of the case in which the principle was announced." In order for a federal court to find a state court's application of our precedent "unreasonable," the state court's decision must have been more than incorrect or erroneous. The state court's application must have been "objectively unreasonable."
>
> Wiggins v. Smith, 539 U.S. 510, 520-521, 123 S.Ct. 2527, 2534-2535 (2003) (citations omitted).

See also Owens, 394 F.3d at 496-497. In order to grant a Petition based on this section, the state court's decision must be both unreasonable and incorrect. Owens, 394 F.3d at 497. The burden is on the Petitioner to show that he is entitled to relief. Harding v. Sternes, 380 F.3d 1034, 1043 (7th Cir. 2004).

Section 2254(d)(2) involves the "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." In considering this section, this court presumes that the state court correctly determined the factual issues; and, the petitioner has the burden to show that the state court erred by clear and convincing evidence. 28 U.S.C. §2254(e)(1); See also Benefiel v. Davis, 357 F.3d 655, 659 (7th Cir. 2004).

**Procedural Default**

When a state court addresses a question of federal law and bases its decision on independent and adequate state law grounds, that are either substantive or procedural, the federal courts generally will not disturb such a finding on habeas review. Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-2554 (1991) ("Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory.");

Miranda v. Leibach, 394 F.3d 984, 391-392 (7th Cir. 2005) ("A state ground is deemed independent for this purpose only if the state court actually relied on a state rule sufficient to justify its decision . . . . The adequacy of the state ground is a question of federal law . . . ; the ground is considered adequate only if the state court applies the rule in a consistent and principled way." (citations and quotation marks omitted)). This rule recognizes the importance of "finality, comity, and the orderly administration of justice" and the reluctance of the federal courts to rule contrary to the state court on an issue of state law. See, Dretke v. Haley, 541 U.S. 386, 388, 124 S.Ct. 1847, 1849 (2004); Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591 (2000) ("The procedural default doctrine and its attendant 'cause and prejudice' standard are 'grounded in concerns of comity and federalism,' . . . and apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack . . . ." (citations omitted)). The object is to allow the state courts the opportunity to address the Petitioner's claims in the first instance. Edwards, 529 U.S. at 451, 120 S.Ct. at 1591.

Procedural default can also occur when "a Petitioner does not adequately present a claim to the state court" and there is no showing of "cause and prejudice for the default or . . . that a failure to grant him relief would work a fundamental miscarriage of justice." Richardson v. Briley, 401 F.3d 794, 801 (7th Cir. 2005) (citation omitted); Hayes v. Battaglia, 403 F.3d 935, 938 (7th Cir. 2005) (fundamental miscarriage equals "the conviction of an innocent person."); See also Edwards, 529 U.S. at 451-452, 120 S.Ct. at 1591. A Petitioner must "fairly present" his claim before the state court in order to allow the state the opportunity to correct any Constitutional violations. Sanders v. Cotton, 398 F.3d 572, 581 (7th Cir. 2005) (citations omitted). This fair presentment requirement means that the Petitioner must "assert his claims

through one complete round of state court review," Bintz v. Bertrand, 403 F.3d 859, 863 (7th Cir. 2005), and "put forward operative facts and controlling legal principles." Sanders v. Cotton, 398 F.3d 572, 580 (7th Cir. 2005). Thus, "[a] habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." Bintz, 403 F.3d at 863 (quotation marks and citation omitted). The burden is upon the Respondent to show that the Petitioner has procedurally defaulted his claims.

**Procedural Default of Petitioner's Claim 1 and 2**

The Respondent argues that each of these claims are procedurally defaulted because Early failed to raise these claims when he filed his brief appealing the Illinois Appellate Court's denial of his post-conviction petition. In Early's January 10, 2003 brief before the Illinois Supreme Court, he raised the issue of his disproportionate sentence (when compared with Henson's sentence) and an ineffectiveness of counsel argument with respect to the failure to raise the sentencing argument (Resp. Ex. J). These are the only two issues raised by Early in the post-conviction appeal to the Illinois Supreme Court. Early failed to present the arguments that his Sixth Amendment Confrontation clause rights were violated and that his various counsel were ineffective for failing to raise this argument before the Illinois Supreme Court. He also did not raise these claims on direct appeal. Therefore, these two claims are procedurally defaulted. Early has not shown cause and prejudice for this default nor has he offered argument as to whether there has been a fundamental miscarriage of justice (i.e actual innocence) with respect to these claims. See Bintz v. Bertrand, 403 F.3d 859, 863 (7th Cir. 2005).

**Petitioner's Claim 3**

9

Early's third claim is that his post-conviction counsel was ineffective. As the Respondent correctly points out, the ineffectiveness of post-conviction counsel is not a grounds for habeas relief. 29 U.S.C. §2254(i); See also Johnson v. McBride, 381 F.3d 587, 590-591 (7th 2004).

**Petitioner's Claim 4**

In this claim, Early alleges that his sentence was disproportionate to Henson's sentence and that trial and appellate counsel were ineffective for failing to raise this argument. Early made this claim throughout his state post-conviction appeals and the final decision on the merits was rendered by the Illinois Appellate Court. As indicated above, because the state courts addressed this issue, Early must show that their analysis was contrary to federal law as determined by the Supreme Court or that the state court unreasonably determined the facts of the case. 28 U.S.C. §2254(d)(1-2).

In rendering its decision, the Appellate Court applied the correct standard as outlined in Strickland v. Washington, 466 U.S. 668(1984): that counsel's representation fell below an "objective standard of reasonableness" and that it resulted in actual prejudice to Early. Id. at 687-688, 691-692. The court went on to hold that while an "arbitrary and unreasonable disparity" in sentences between two similarly situation defendants is impermissible, Early and Henson are not similarly situated and therefore Early cannot establish that his sentence is unconstitutionally disparate from Henson's sentence (Resp. Ex. I at p. 9-10). Henson and Early are not similarly situated because: Henson pleaded guilty, she assisted in Early's prosecution, she did not initiate the plan to attack the victim, and she did not actually beat the victim. (Resp. Ex. I at pp. 9-11). As such, the court held that Early cannot show actual prejudice and his

10

ineffective assistance of counsel claims must fail (Resp. Ex. I at p. 11).

Early has assigned no error to the state court's examination of this issue. Rather he makes arguments that he originally made with the state court. As indicated above, this court's examination is limited to whether the state court made an error in addressing this issue. As Early has presented no argument in this regard, this claim must fail. In any event, this Court finds no error in the state court's assessment. Early and Henson are not similarly situated defendants given their different roles in the underlying crime and Henson's cooperation with authorities. See People v. Spriggle, 831 N.E.2d 696 (Ill. App. Ct. 2005) (stating that a difference in sentencing can be "justified by the relative character and history of the codefendants, the degree of culpability, rehabilitative potential, or a more serious criminal record"). See also People v. Klimawicze, 815 N.E.2d 760, 777 (Ill. App. Ct. 2004) ("An abuse of discretion might also occur when two codefendants receive the same sentence, despite having different criminal records or roles in the particular crime, and have different mitigating and aggravating factors." (citation omitted)). Early only argues that Henson participated in the crime by setting up the victim. He offers no further reasonable argument that she was similarly situated to him. The state court took her participation into account in its analysis but found that her role in the crime was different from Early: she did not come up with the idea to rob the victim and did not participate in the beating of the victim, which caused significant injuries, or the robbery itself. As Early failed to show that he was similarly situated to Henson, the disparate sentences do not raise the specter of reversible error. As such, Early's counsel were not ineffective for failing to raise this argument because there was no actual prejudice.

**Petitioner's Claim 5**

Finally, the Respondent argues that Early's fifth claim is procedurally defaulted. For this claim, Early alleges that his "Constitutional right to a fair trial was violated when the state allowed false testimony, or testimony that must be seeen [sic] as false, to be given to the jury" (Pet. at p. 25). Specifically, he states that Henson testified falsely by failing to acknowledge that she could receive probation in exchange for her cooperation with the state. Early goes on to state that he was denied a fair trial because the jury had the mistaken understanding that she would receive four years imprisonment for her involvement and therefore could not properly evaluate the veracity of her testimony. The Respondent is correct in noting that Early failed to raise this claim in his post-conviction petitions with the state. However, the Respondent does not address whether the Petitioner's argument *on direct appeal* is similar to this argument. If Early raised this argument on direct appeal, and if it went through a complete round of state court review, this issue is not procedurally defaulted. See Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004) (claim must be presented in one complete round either on direct appeal *or* in post-conviction proceedings).

On direct appeal, the sole issue raised by Early was "[w]hether the State failed to prove Leonard Early guilty of home invasion and armed robbery beyond a reasonable doubt where the only evidence of Mr. Early's involvement was the testimony of an accomplice whose testimony was not reliable" (Resp. Ex. A at p. 3). In making this argument, Early stated that the testimony of an accomplice and drug addict, whose testimony is to be considered with skepticism because of these two facts, is insufficient to support a conviction. Early also argued that:

> Gail Henson's testimony was inherently unreliable. As an
> accomplice to the crimes committed against Frederick Taylor, she

12

>was motivated by promises of leniency and benefits from the prosecution. Moreover, she entered into a substantially more lenient plea agreement with the State then that to which she testified at trial

(Resp. Ex. A at p. 12).

In considering this argument, the Illinois Court of appeals did not specifically address the issue of Henson's testimony regarding her sentence but only addressed her status as an accomplice and drug addict (Resp. Ex. B at p. 6). Early's *pro se* appeal reiterated his argument that the evidence was insufficient to support a conviction (Resp. Ex. C at p. 9) Early again mentioned that Henson's testimony was in exchange for a reduced sentence and stated that this was "a matter of fundamental fairness" (Resp. Ex. C at p. 9). The question is whether his "sufficiency" argument on direct appeal was a fair presentment of his "fairness" argument before this court.

Both of these arguments are related. Each is essentially a due process argument pursuant to the Fourteenth Amendment: that Early's guilt was not proven beyond a reasonable doubt. See In re Winship, 397 U.S. 359, 364 (1970). The Appellate Court identified the correct standard in its March 30, 1998 order (Resp. Ex. B at pp. 5-6), and that same standard may apply to the "fairness" argument made by Early before this Court. Of course, this argument also is related to the Sixth Amendment argument that Early makes (that is procedurally defaulted). The only difference is that Early now couches his contention in terms of Henson's credibility as oppose to his ability to cross-examine Henson. See e.g. McFowler v. Jaimet, 349 F.3d 436, 454-456 (7th Cir. 2003); Braun v. Powell, 227 F.3d 908, 921 (7th Cir. 2000); See generally Wisehart v. Davis, 408 F.3d 321 (7th Cir. 2005). While it is unlikely that Early will succeed on this claim, it at least must be addressed by the Respondent. For this reason, the Court recommends that the District Court order re-briefing on this issue by both parties.

CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Respondent Roger Walker be **DISMISSED**, that Respondent Mark A. Pierson be **SUBSTITUTED** by J. R. Walls, that the Petition for a Writ of Habeas Corpus filed by the Petitioner, Leonard Early, on August 5, 2003 be **DENIED IN PART AND TAKEN UNDER ADVISEMENT IN PART** only with respect to Early's fifth claim concerning the sufficiency of the evidence, that the Court order re-briefing on the above issue, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 3, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
